IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HANNAH McCULLAR                                                       PLAINTIFF

v.                                                       CIVIL ACTION NO. 1:16-cv-00068-GHD-DAS

ALLIANCE HEALTH PARTNERS, LLC
d/b/a Merit Health Batesville f/k/a Tri-Lakes
Medical Center                                                   DEFENDANT

**<u>MEMORANDUM OPINION DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Presently before the Court is Defendant Alliance Health Partners, LLC's motion for summary judgment [20]. Upon due consideration, the Court finds the motion should be denied.

### *I.*    *Factual and Procedural Background*

On February 1, 2016, Plaintiff Hannah McCullar ("Plaintiff") filed this diversity/personal injury action against Defendant Alliance Health Partners, LLC ("Defendant") in the Circuit Court of Clay County. On April 22, 2016, Defendant timely removed the action to this Court. Subsequently, on April 27, 2016, Defendant filed its answer to the complaint. On February 22, 2017, Defendant filed the present motion for summary judgment [20]. Plaintiff filed a response in opposition. Defendant has not filed a reply, and the time for doing so has now passed. The matter is now ripe for review.

Plaintiff asserts causes of action against Defendant for invasion of privacy, intentional infliction of emotional distress, and a claim under Mississippi statutory law for the improper disclosure of Plaintiff's medical records. Plaintiff also asserts that she is entitled to punitive damages for "Defendant's actions, [which Plaintiff claims] are so malicious, intentional, willful,

1

wanton, and outrageous, with no legitimate purpose except to harm Plaintiff . . . ." Pl.'s State-Ct. Compl. [2] ¶ 8.

The following facts are not in dispute. Plaintiff gave birth to a child and then placed her child for adoption at New Beginnings International Children and Family Services, Inc. (the "adoption agency"). The biological father of the child is Markevius Frost. Mr. Frost asserted his paternity, and the adoption agency instituted a legal action against Mr. Frost to terminate his parental rights in the Chancery Court of Lee County in a case styled *New Beginnings International Children's and Family Services, Inc. v. Markevius Frost*, No. 2012-1071-41-MM. Attorney Christinia Townsend[1] represented Mr. Frost in that proceeding. During her legal representation of Mr. Frost, Ms. Townsend issued a subpoena *duces tecum* to Defendant for the medical records of the minor child and of Plaintiff for a hearing on February 6, 2015. Defendant furnished a certified copy of the medical records to Ms. Townsend. Plaintiff was not a party to the chancery court proceeding. The chancery court hearing was continued; the medical records were not entered into evidence.

Plaintiff alleges that Ms. Townsend subpoenaed Plaintiff's medical records from Defendant without providing a Health Insurance Portability and Accountability Act ("HIPAA") authorization and without notice to Plaintiff of the same. Pl.'s State-Ct. Compl. [2] ¶ 4. Plaintiff further alleges that Defendant "is required to obtain a [HIPAA] authorization before disclosing the private, confidential records of a patient," but that instead of doing so, Defendant published Plaintiff's private, confidential medical records to Ms. Townsend via United States mail instead of forwarding them sealed to the court listed on the subpoena *duces tecum. Id.* ¶¶ 5–7. Plaintiff

---

[1] Ms. Townsend's first name is misspelled in the complaint as "Christina." The correct spelling of Ms. Townsend's first name is "Christinia."

2

further asserts that Ms. Townsend improperly showed the medical records to at least four individuals during the chancery court proceeding (apparently, Dan Davis, the attorney for the adoption agency; Brian Starling, the guardian *ad litem* for the minor child; and legal staff in Mr. Davis' office); Plaintiff maintains that Ms. Townsend "intentionally published [Plaintiff's] medical records during a television press conference." Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J. [29] at 3, 5.[2] Defendant contends that Mr. Frost gave an interview to a local television station and showed the interviewer a copy of his DNA results establishing the paternity of the minor child. Def.'s Mot. Summ. J. [20] ¶ 10. Both parties agree that during the broadcast, there was a brief display of a portion of a document; Plaintiff contends that the document was her own medical record. *Id.*; Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J. [29] at 5. Plaintiff contends that she "never knew about the disclosure of her medical records until one of the attorneys in the [c]hancery [c]ourt matter informed her, after the disclosures occurred." Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J. [29] at 3 n.3. Plaintiff argues that "[n]one of [Ms.] Townsend's actions of publishing [Plaintiff's] medical records would have been possible had [Defendant] not wrongfully produced the records to [Ms.] Townsend." *Id.* at 5.

In Defendant's motion for summary judgment, Defendant argues that Plaintiff's claims must be dismissed as a matter of law.

## *II.    Summary Judgment Standard*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a);

---

[2] Plaintiff apparently has instituted a separate state-court action against Ms. Townsend in connection with her alleged actions. *See* Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J. [29] at 4 n.4.

3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III. Analysis and Discussion*

Defendant argues in its motion for summary judgment that Plaintiff's claims must be dismissed for the following reasons: **(1)** HIPAA does not create a private action; **(2)** Plaintiff

4

does not have a separate cause of action under Mississippi Code §§ 41-9-103 and 41-9-105, as any liability imposed on Defendant would be for an alleged invasion of privacy for failure to comply with Mississippi statutory law on the subpoena *duces tecum*; **(3)** Plaintiff has failed to present proof on the elements of her invasion of privacy claim; and **(4)** Plaintiff has no grounds for recovery under other Mississippi statutes, such as Mississippi Code § 13-1-21, concerning liability for communicating privileged communication, as there is no evidence of willful, reckless, or wanton acts or omissions as are required to sustain such a cause of action.

Plaintiff concedes she has no cause of action under HIPAA and does not present any argument in support of a separate claim under Mississippi Code §§ 41-9-103 and 41-9-105. However, she contends that she has causes of action for invasion of privacy, intentional infliction of emotional distress, and improper release of records in violation of Mississippi Code § 13-1-21. Plaintiff further maintains that Defendant violated HIPAA regulations by submitting the requested medical records without notice to the patient of the request for records and an opportunity for the patient to object. *See* 45 C.F.R. § 164.512. The Court looks to the elements of each cause of action in turn.

**1. Invasion of Privacy**

With respect to Plaintiff's invasion of privacy claim, Defendant argues that Plaintiff has failed to present proof on the elements of her claim, as (i) Plaintiff's identity was not appropriated for an unpermitted use, (ii) Plaintiff was not held out to the public eye in a false light, and (iii) it is not an invasion of privacy to provide information to a single person or even a small group of persons, such as the attorneys connected with the chancery court proceeding.

Plaintiff argues that Defendant improperly published Plaintiff's medical records to Ms. Townsend which resulted in public dissemination via email and a television press conference.

Plaintiff further argues that the act of publication of these medical records effectively published that Plaintiff had a history of sexually transmitted disease and that Plaintiff had prohibited African-American visitors from her hospital room. Plaintiff maintains that this publication constituted a tortious publication of private facts that would be "highly offensive to a reasonable person and . . . not of legitimate concern to the public." Pl.'s Mem. Br. Supp. Resp. Opp'n to Def.'s Mot. Summ. J. [29] at 10. Plaintiff further maintains that the medical records portrayed her "as a racist" and cast her "in a false public light." *Id.* Plaintiff contends that *Williamson v. Keith*, 786 So. 2d 390 (Miss. 2001), a case relied upon by Defendant, is not on point; Plaintiff further contends that *Williamson* involved an attorney's act of improperly subpoenaing a minor's medical records without providing notice of the subpoena, *see Williamson*, 786 So. 2d at 393, but that the case *sub judice* involves the publishing of medical records to five people by email and to the public by a news broadcast.

"The tort of invasion of privacy is composed of four separate sub-torts: (i). the intentional intrusion upon the solitude or seclusion of another; (ii). the appropriation of another's identity for an unpermitted use; (iii). the public disclosure of private facts; and (iv). holding another to the public eye in a false light." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 306 (Miss. 2005). Mississippi recognizes a cause of action for invasion of privacy based on public disclosure of private facts in the form of medical records. *See Franklin Collection Serv., Inc. v. Kyle*, 955 So. 2d 284, 291 (Miss. 2007) (citing *Young v. Jackson*, 572 So. 2d 378, 382 (Miss. 1990) (adopting RESTATEMENT (SECOND) OF TORTS § 652D)). To sustain such a claim on summary judgment, Plaintiff must offer proof that " 'the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.' " *See id.* at 291 (quoting RESTATEMENT (SECOND) OF TORTS § 652D). In the case *sub judice*, Plaintiff's

6

medical records were confidential and protected by HIPAA, and Plaintiff alleges and provides supporting documentation that Defendant improperly transmitted the records to Ms. Townsend, who later emailed a copy of the medical records to other attorneys and legal staff in the chancery court proceeding and published them in a television news conference. The record supports that Defendant complied with the terms of the subpoena issued by the Chancery Court of Lee County which directed Defendant to produce the medical records "to Attorney Christinia C. Townsend, Esq." via United States mail to her post office box in West Point, Mississippi, as well as via electronic mail to Ms. Townsend's email address so that Ms. Townsend could present the information at "[t]rial . . . on the part of [Mr.] Frost . . . [on] the 19th day of August, 2014 . . . to give evidence in this matter." *See* Subpoena *Duces Tecum* [26-4] at 1–2. However, Plaintiff has raised a genuine dispute of fact on her invasion of privacy claim as to whether Defendant nonetheless failed to comply with Mississippi law and federal law. Plaintiff cites to Mississippi law providing that medical records subject to a subpoena must be sent to the court wherein the action is pending, specifically, "to the officer, body[,] or tribunal conducting the hearing, at a like address." *See* MISS. CODE ANN. § 41-9-105. Plaintiff further cites to HIPAA regulations providing that medical records shall not be produced unless the party seeking the records provides the patient with notice of the request for records and an opportunity to object. *See* 45 C.F.R. § 164.512. Because Plaintiff has raised genuine disputes of material fact that preclude summary judgment on the invasion of privacy claim, the Court finds that Defendant's motion for summary judgment shall be denied as to that claim.

### 2. Intentional Infliction of Emotional Distress

With respect to Plaintiff's intentional infliction of emotional distress claim, Plaintiff argues that Defendant transmitted Plaintiff's medical records to Ms. Townsend improperly, and

7

that such transmission was willful or at a minimum grossly negligent and of the sort that evokes outrage in a civilized society. Plaintiff further argues that the unprotected release of medical records is outrageous in today's society, given the confidentiality of the same. Defendant does not challenge Plaintiff's intentional infliction of emotional distress claim specifically.

The Court finds that Plaintiff has alleged an actionable intentional infliction of emotional distress claim against Defendant that survives summary judgment. " '[M]eeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi.' " *Gatheright v. Clark*, No. 16-60364, 2017 WL 728698, at *4 (5th Cir. Feb. 23, 2017) (per curiam) (citing *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (quoting *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993) (internal quotation marks omitted)). "Mississippi requires the conduct of the defendant be 'malicious, intentional, willful, wanton, grossly careless, indifferent[,] or reckless,' *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995), or 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' *Speed*, 787 So. 2d at 630 (internal quotation marks omitted) (quoting *Pegues v. Emerson Elec. Co.*, 913 F. Supp. 976, 982 (N.D. Miss. 1996))." *Id.*

In the case *sub judice*, Plaintiff attaches to her response the subpoena *duces tecum* issued by the Chancery Court of Lee County for the medical records of the minor child and Plaintiff; the subpoena directs Defendant to produce the medical records "to Attorney Christinia C. Townsend, Esq." via United States mail to her post office box in West Point, Mississippi, as well as via electronic mail to Ms. Townsend's email address so that Ms. Townsend could present the information at "[t]rial . . . on the part of [Mr.] Frost . . . [on] the 19th day of August, 2014 . . . to give evidence in this matter." *See* Subpoena *Duces Tecum* [26-4] at 1–2.

8

Although the record in the case *sub judice* supports that Defendant produced the records directly to Ms. Townsend in compliance with the terms of the subpoena issued by the Chancery Court of Lee County, Plaintiff has raised a genuine dispute of material fact as to whether if Defendant did so without the proper HIPAA authorization and notice to Plaintiff and by not producing the medical records to the chancery court directly, the disclosure of Plaintiff's medical records was "grossly careless" or "indifferent" as required to sustain an intentional infliction of emotional distress claim. *See Leaf River Forest Prods., Inc.*, 662 So. 2d at 659. Therefore, Defendant's motion for summary judgment shall be denied as to Plaintiff's intentional infliction of emotional distress claim.

### 3. Mississippi Code § 13-1-21

Finally, with respect to Plaintiff's Mississippi statutory claim for the improper disclosure of Plaintiff's medical records, Defendant argues that Plaintiff has no grounds for recovery under Mississippi Code § 13-1-21 concerning liability for communicating privileged communication, as there is no evidence of willful, reckless, or wanton acts or omissions as are required to sustain such a cause of action.

Plaintiff argues that she has a viable claim for improper release of medical records according to Mississippi Code § 13-1-2, because Defendant knew or should have known the protections for medical records in place under Mississippi and federal law and that Defendant willfully and intentionally disclosed Plaintiff's medical records without regard to these protections.

"Section 13-1-21 of the Mississippi Code creates civil liability for improper disclosures of medical information, but . . . only for 'willful or reckless and wanton' disclosures." *Doe v. Rankin Med. Ctr.*, 195 So. 3d 705, 713 (Miss. 2016), *reh'g denied* (Aug. 11, 2016) (citing Miss.

9

CODE ANN. § 13-1-21). However, the Mississippi Supreme Court has stated: "We cannot find anywhere in Section 13-1-21 of the Mississippi Code . . . or Mississippi jurisprudence a cause of action for a negligent breach of patient confidentiality." *Id.*

In the case *sub judice*, Plaintiff attaches to her response the subpoena *duces tecum* issued by the Chancery Court of Lee County for the medical records of the minor child and Plaintiff; the subpoena directs Defendant to produce the medical records "to Attorney Christinia C. Townsend, Esq." via United States mail to her post office box in West Point, Mississippi, as well as via electronic mail to Ms. Townsend's email address so that Ms. Townsend could present the information at "[t]rial . . . on the part of [Mr.] Frost . . . [on] the 19th day of August, 2014 . . . to give evidence in this matter." *See* Subpoena *Duces Tecum* [26-4] at 1–2. As stated, the record in the case *sub judice* supports that Defendant produced the records directly to Ms. Townsend in compliance with the terms of the subpoena issued by the Chancery Court of Lee County, but that Defendant possibly violated HIPAA regulations by not obtaining Plaintiff's authorization and ensuring she received notice of the same and possibly violated state law by not producing the records directly to the chancery court. In the Court's opinion, Plaintiff has at least raised a question as to whether such disclosure was "willful or reckless and wanton" as required to sustain a claim for the improper disclosure of her medical records under Mississippi statutory law. *See Rankin Med. Ctr.*, 195 So. 3d at 713. Therefore, Defendant's motion for summary judgment shall be denied on this claim, as well.

### *IV. Conclusion*

In sum, Defendant's motion for summary judgment [20] is DENIED, because genuine disputes of material fact preclude summary judgment. This matter shall proceed to trial.

An order in accordance with this opinion shall issue this day.

10

THIS, the 25 day of July, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE